NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MILTON ALBERTO MARTINEZ-
AVELAR,

No.   18-70267

Agency No. A091-785-928

Petitioner,

v.

MEMORANDUM[*]

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 19, 2020[**]

Before:  HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Petitioner Milton Alberto Martinez-Avelar, a native and citizen of El
Salvador, seeks review of the Board of Immigration Appeals' ("BIA") order denying
a motion to reopen based on changed country conditions and Petitioner's proposed
social group.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

1. The BIA did not abuse its discretion in determining that Petitioner's proposed social group of "individuals who possess markings that identify themselves as members of the MS-13" was not cognizable. *See Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (stating standard of review); *see also Reyes v. Lynch*, 842 F.3d 1125, 1137–38 (9th Cir. 2016) (proposed social group of former gang members who returned to El Salvador not cognizable); *Arteaga v. Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007) (tattooed former gang members not "particular social group").

2. The BIA did not abuse its discretion in concluding "the evidence that the MS-13 has been designated as a terrorist organization is not sufficient to show changed country conditions or circumstances material to this case." Even with this change in designation, Petitioner did not demonstrate that "circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (quoting *Malty v. Ashcroft*, 381 F. 3d 942, 945 (9th Cir. 2004)).

**PETITION DENIED.**